IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ED COLLINS,** | : | CIVIL ACTION NO. 1:07-CV-1957 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MIKE GARMAN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 25th day of March, 2008, upon consideration of the Commonwealth defendants'[1] motion to dismiss for failure to prosecute (Doc. 27), and of the order of court dated February 21, 2008 (Doc. 25), directing plaintiff to file a brief in opposition to the Commonwealth defendants' motion to dismiss (Doc. 6) on or before March 21, 2008 and advising plaintiff that failure to do so could result in the dismissal of the claims against the Commonwealth defendants for failure to prosecute, and it appearing that plaintiff has not complied as of the date of this order,[2] see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal

---

[1] The Commonwealth defendants are Earl Crago, Barry Drew, Gregory Fajt, Mike Garman, Kim Glaser, James Honchar, Donald Patterson, Thomas Scott, Julie Sheridan, Paul Sload, Geraldine St. Jean, Brian Williams, Sarah Yerger, the Pennsylvania Department of Revenue, the Pennsylvania Office of Inspector General, and the Pennsylvania Office of Attorney General.

[2] Plaintiff has requested and been granted three extensions of time in which to file a brief in opposition to defendants' motion to dismiss. In total, plaintiff has been provided 116 days in which to respond. Plaintiff has identified his inability to retain counsel as an explanation for his lack of response to defendants' motion; however, the court has twice advised plaintiff that he *must* oppose the motion to dismiss whether or not his efforts to retain counsel were successful. (See Docs. 21, 25.) Plaintiff fails to explain his inability to respond in a *pro se* capacity and continues to request an additional time in which to retain counsel. (See Doc. 28.)

of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute),[3] and the court finding that plaintiff was advised of the necessity of responding to the Commonwealth defendants' motion to dismiss in the order of court dated February 21, 2008 and is personally responsible for failing to do so, see id. at 868 (identifying "extent of the party's personal responsibility" as a factor), that plaintiff's conduct has prejudiced the Commonwealth defendants by requiring them to assume the cost of continued pre-trial and trial preparation, see id. (identifying "[p]rejudice to the adversary" as a factor), that plaintiff's failure to timely file an opposition to the Commonwealth defendants' motion to dismiss and to respond to the order of court dated February 21, 2008 constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), that plaintiff's failure to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), that assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff is proceeding *in forma pauperis* in this case, (see Doc. 9); see also Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor), and

---

[3] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992).

2

that the majority of plaintiff's claims against the Commonwealth defendants are likely without merit,[4] see id. at 869-70 (identifying "[m]eritoriousness of the claim" as a factor), it is hereby ORDERED that:

1. The Commonwealth defendants' motion to dismiss for failure to prosecute (Doc. 27) is GRANTED. The Commonwealth defendants' motion to dismiss (Doc. 6) is DENIED as moot.

2. The claims against defendants Earl Crago, Barry Drew, Gregory Fajt, Mike Garman, Kim Glaser, James Honchar, Donald Patterson, Thomas Scott, Julie Sheridan, Paul Sload, Geraldine St. Jean, Brian Williams, Sarah Yerger, the Pennsylvania Department of Revenue, the Pennsylvania Office of Inspector General, and the Pennsylvania Office of Attorney General are DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

3. Plaintiff's remaining claims against defendants Joseph Craigwell, Molly Leach, and Allen Jones are unaffected by this order.[5]

        /s/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[4] In the instant case, plaintiff claims that defendants conspired to discriminate against him and to terminate his employment in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2(a), and 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986. Because plaintiff filed the instant action more than two years after his employment was terminated (see Doc. 1-5 ¶ 37), the statute of limitations would likely bar plaintiff from successfully pursuing his claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986. See Lebar v. Bahl, 245 F. App'x 219, 221 (3d Cir. 2007) (applying two-year statute of limitations to claim pursuant to 42 U.S.C. § 1983); Goodman v. Lukens Steel Co., 482 U.S. 656, 661 (1987) (stating that state statute of limitations for personal injury claims, namely, two years, should be applied to § 1981 claims); Wooden v. Eisner, 143 F. App'x 493, 494 (3d Cir. 2005) (applying two-year statute of limitations to claims pursuant to 42 U.S.C. § 1985); 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). But see Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 472 (3d Cir. 2001) (finding that statute of limitations for Title VII actions is ninety days from receipt of right to sue letter).

[5] The court notes that these defendants have filed neither a motion to dismiss nor an answer to plaintiff's amended complaint.