# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ED COLLINS,** | : | CIVIL ACTION NO. 1:07-CV-1957 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **MIKE GARMAN, et al.,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 3rd day of November, 2008, upon consideration of plaintiff's response (Doc. 49) showing cause for his failure to provide mailing addresses or other identifying information for defendants Joseph Craigwell, Molly Leach, and Allen Jones,[1] and it appearing that plaintiff has made diligent efforts to provide the United States Marshal with adequate information to identify and serve the above-named defendants, (see Doc. 49, Exs. A, B, C, G), but that the United States Marshal has thus far been unable to effectuate service using the information supplied by plaintiff, and it further appearing that more than 120 days have passed since the court directed service of the original and amended complaints, (see Doc. 41); see also FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the

---

[1] Plaintiff filed this response pursuant to the order of court (Doc. 48) dated August 11th, 2008, requiring plaintiff to show good cause for his failure to provide mailing addresses or other identifying information for the three above-named defendants. The identifying information is required so that the United States Marshal may effectuate service of process pursuant to FED. R. CIV. P. 4(c)(3). Plaintiff is proceeding in this matter *in forma pauperis*. (See Doc. 1-3.)

complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."), it is hereby ORDERED that:

1. Plaintiff's response (Doc. 49) showing cause demonstrates diligent efforts to effectuate service; as such, the court finds that there is good cause for plaintiff's failure to timely serve process.

2. Plaintiff's response (Doc. 49) showing cause is CONSTRUED as a motion for an extension of time in order to effectuate service and is GRANTED as so construed. See FED. R. CIV. P. 4(m) (requiring the court to extend the time for service upon a showing of good cause).

3. Plaintiff shall be permitted to complete service of process within 60 days of the date of this order. See FED. R. CIV. P. 4(m) (requiring the court to extend the time for service for "an appropriate period").

3. Plaintiff is directed to supply the United States Marshall with the information necessary to effectuate service of process.[2]

4. The United States Marshal is directed to effect service of the complaint (Doc. 1-5) and the amended complaint (Doc. 1-6) on defendants Joseph Craigwell, Molly Leach, and Allen Jones.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[2] Although the United States Marshal is responsible for physically serving the above-named defendants, see 28 U.S.C. § 1915(c), plaintiff bears the responsibility to provide the Marshal with proper addresses, see Wilson v. Vaughn, No. Civ. A. 93-6020, 1996 WL 528870, at *1 (E.D. Pa. Mar. 14, 1996) ("As long as the plaintiff provides adequate information to identify the party to be served, a complaint should not be dismissed under Rule 4(m) . . . ."); see also Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (holding that plaintiff bears the responsibility to provide the Marshall with proper addresses).